STATE *EX REL.* BATTLE *IN RE* BATTLE *v.* CAPE FEAR LUMBER CO.

1. RULE—CONTEMPT—JURISDICTION.—A Circuit Judge has jurisdiction to issue a rule in contempt proceedings at chambers in a county in which he is the resident Judge other than the residence of contemnor, return to be made in county of contemnor.

2. CONTEMPT—PRACTICE.—In contempt proceedings failure to serve with rule a copy of order alleged to have been disobeyed is not prejudicial error, where such order is shown by the motion papers to have been served immediately after issuance.

3. IBID.—Civil contempt rule should not be discharged because return on its face is sufficient, but the truth of the statements in the return may be inquired into.

4. IBID.—PRACTICE—DISCRETION.—It is discretionary with trial Judge in contempt proceedings to give relator further time to procure and file additional affidavits, and to reply to return, explaining and setting out facts more fully, if they do not set forth exclusively new matter.

5. IBID.—CORPORATIONS.—Finding return of rule of agents of non-resident corporation to be sufficient and discharging rule as to them, is not prejudicial to corporation, and corporation may be adjudged in contempt without specifications as to time, place and agents through whom the order has been violated.

6. IBID.—WAIVER.—Return to rule in contempt proceedings ordered to be heard in open Court, may be so heard without being placed on the Calendar. If this objection is not made at hearing is it not waived?

Before WATTS, J., Horry, March, 1904.    Affirmed.

Rule to show cause why defendants should not be adjudged in contempt on affidavit of James Battle, *in re* James Battle *v.* Cape Fear Lumber Co *et al.*   From order adjudging it in contempt; the lumber company appeals.

*Messrs. Johnson & Quattlebaum* and *M. C. Woods,* for appellants, cite: *This is a criminal contempt:* 9 Cyc., 6; 49 S. C., 205; 69 S. C., 567.   *Judge was without jurisdiction:* Code of Proc., 21; 69 S. C., 288; 5 Thomp. on Corp., sec. 6448.   *If return is sufficient, rule should be discharged:* 9 Cyc., 44; 8 S. C., 390; 56 L. R. A., 465.   *This Court may hear such appeals and review findings below:* Code of Proc., 11 sub., 3; 49 S. C., 215; 78 S. C., 454; 13 Neb., 445; 13 Col., 337; 72 Ind., 250; 24 W. Va., 279; 46 O. St., 473; 105 N. C., 59; 49 N. J. L., 115.

*Messrs. Robert B. Scarborough* and *Ferd. D. Bryant,* contra, cite: *In such cases appellate court can only consider questions of law:* 49 S. C., 214.   *Corporation is liable for torts of its servants:* 5 Abb. Pr., 90.   *As to docketing:* 49 S. C., 214; 55 S. C., 381; 58 S. C., 200; Code, 1902, 2734; Code of Proc., 418.

August 5, 1905.    The opinion of the Court was delivered by

MR. JUSTICE GARY.    The facts are thus stated in the record: "This was a proceeding against Cape Fear Lumber Company, and certain of its agents and servants, issued by his Honor, Judge R. C. Watts, February 18, 1904, requiring Cape Fear Lumber Company and certain of its agents, to wit: Benjamin Tinch, W. O. Dunbar, Henry Martin, George Martin, Will Hammond, Arch Bullard, and John F. Stevens, to show cause before him at Conway, S. C., on March 7, 1904, at 10 o'clock A. M., or as soon thereafter as counsel could be heard in open Court, if any they could, why they

should not be attached as for contempt for disobedience of an order of injunction issued in said cause dated October 20, 1902, and signed by his Honor, J. C. Klugh, Circuit Judge.

"Upon calling the rule, respondents' attorneys moved to dismiss the rule on the ground that the same was issued by his honor out of the county of Horry, without Judge Klugh's order or a certified copy thereof before him, and without anything before him showing that Judge Klugh had issued an order of injunction in the cause except an *ex parte* affidavit of the relator, James Battle, the proceeding being irregular and void on its face. That the only papers served on respondents or any of them was the order of his Honor, Judge Watts, and the affidavit of James Battle.

"Motion refused because a certified copy of Judge Klugh's order was before Judge Watts at the time he made the order to show cause herein, and that fact is stated in the order itself, and besides, the order of Judge Klugh had been served upon Cape Fear Lumber Company immediately after it was granted. Exception entered.

"Relator's attorneys then read the order of Judge Klugh, which respondent's attorneys objected to on the ground that relator could not now add to his case in chief, but must stand upon the papers which respondent had been called upon to answer. Objection overruled and exception entered.

"Relator's attorneys then read the pleadings on which Judge Klugh's order was based, which respondent's attorneys objected to on the same grounds. Objection overruled and exception entered.

"The return of respondents was then read, the answer and a proposed amended answer being a part of their return. At the conclusion of the reading of the return, respondents' attorneys moved to discharge the rule on the showing made. Relator's attorneys objected to the discharge of the rule and asked for further time in which to reply to the return. Respondents' attorneys took the position that respondents were entitled to open and reply in evidence and argument in a cause of this nature, and his Honor so held, but over objec-

tion of respondents he allowed relator further time, to wit: until 9.30 A. M. the following morning, to file additional affidavits, at the time granting respondents until 3 P. M. the same day to reply to the additional affidavits, at which time the rule was to, and did, come up for final hearing. At the final hearing, respondents' attorneys objected to the additional affidavits being read on the grounds that they were not in reply, were cumulative and contained new matter to bolster up the case in chief, including a plat made by one of relator's attorneys without courses and distances or acreage, to which respondents could not possibly reply in the time allowed, as the scene of the trespass was over twenty miles distant. Objections overruled and exceptions entered.

"Additional affidavits of relator and reply of respondents thereto were read.

"The rule to show cause was not docketed on any of the calendars of the Court, but no objection was taken and the trial Judge had not heard of that until the case for the Supreme Court came before him for settlement. The original case on which injunction pends was on docket and was called for trial and continued on terms at the same term.

"After argument of counsel, respondents' opening and replying, the order appealed from was granted. Within ten days after the date of such order, respondent, Cape Fear Lumber Company, duly served notice of its intention to appeal, together with exceptions."

The first exception is as follows: "1. Because his Honor erred in granting the rule at chambers at Cheraw, S. C., outside of the county of Horry, on an affidavit of relator, James Battle, without having the order of Judge Klugh before him, or other knowledge thereof except what is contained in affidavit of relator." The appellant first contends that his Honor, Judge Watts, did not have jurisdiction to grant the rule to show cause at chambers. Cheraw is in the circuit of which his Honor was the resident Judge. Section 2733 of the Code of Laws provides: "The Circuit Court shall be deemed always open * * * for making

and directing all interlocutory motions, orders, rules and other proceedings whatever, preparatory to the hearing of all causes pending therein, upon their merits." * * * Subdivision 3, section 402, of the Code, is as follows: "Orders made out of Court, without notice, may be made by the Judge of the Court, in any part of the State." A rule to show cause adjudges nothing. *Sims* v. *Davis,* 70 S. C., 362. These authorities show that Judge Watts had jurisdiction to issue the rule to show cause.

The appellant also contends that Judge Watts erred in granting the rule to show cause without having the order of Judge Klugh before him. By reference to the statement hereinbefore set out, it will be seen that the exception was taken under a misapprehension of the facts, as the order of Judge Klugh was before Judge Watts when he issued the rule.

The second exception is as follows: "2. Because his Honor erred at the hearing of the rule in refusing to dismiss the rule on respondent's motion as soon as the order to show cause and the affidavit on which the same was based were read, on the grounds that no copy of the order of Judge Klugh was annexed thereto or served therewith on respondents or any of them." It is true, a copy of Judge Klugh's order was not served on the defendants at the time a copy of the affidavit and rule to show cause were served upon them, but the record shows that a copy of said order was served upon the appellant, immediately after it was granted. Under these circumstances, the failure to serve a copy of the order was not prejudicial error.

The third exception is as follows: "3. Because his Honor erred in permitting relator to read the order of Judge Klugh as a part of his moving papers and thus add to his case in chief, without any notice to respondents, overruling respondents' objection to such reading and to such unnoticed addition to his case." The record shows that the order of Judge Klugh was one of the papers upon which the rule to show cause was granted.

The fourth exception is as follows: "4. Because his Honor erred in refusing to dismiss the rule at the conclusion of the reading of the return of respondent, it being submitted that the said return was sufficient to the original rule and exhibit." The affidavit upon which the rule was issued alleges that the appellant through its servants went upon the lands of the plaintiff, after the order of injunction, and cut and carried away wood and timber therefrom in large quantities, in value two or three hundred dollars; that the plaintiff warned them to stop, and posted notices in various places on said land and on piles of wood and crossties cut by them, forbidding them to move it after it had been piled; but that they continued their wrongful acts, in disregard of the order of injunction. Conceding that the contempt was criminal, in so far as it offended the dignity of the Court, it was nevertheless civil to the extent it violated the rights of the plaintiff protected by the order of injunction. *Lorick & Lowrance* v. *Motley,* 69 S. C., 567.

In 7 Enc. of Law, 76, the rule is thus stated: "When the contempt consists in a failure to comply with, or the disobedience of an order, injunctional or otherwise, resulting in loss or damage to the adverse party, it neither purges the contempt nor repairs the wrong done, for the contemnor to avow or to show that he acted from *bona fide* motives and with no intention of being guilty of a contempt. In such case, the question of contempt *vel non* is purely a question of law." See, also, note 2 on that page.

*In re Corbin,* 8 S. C., 390, relied upon by the appellant, the Court uses the following language: "Every material alletion in the 'suggestion upon the record,' in the above entitled case against David T. Corbin * * * has been specially denied by his answer to the rule to show cause why he should not be attached and otherwise punished for contempt of this Court; and there being no action taken on such return by the counsel for the relators, the answer must be taken as true and the rule dismissed." That authority is not decisive of this question, for the reason that action was taken on the

return by the relator in this case. The appellant likewise cites the case of *Oster* v. *People,* 56 L. R. A. (Ill.), 462. But that was a case in which the contempt was held to be criminal in its nature; and furthermore, the denial of the facts alleged in the return was held to be insufficient. The appellant also relies upon 9 Cyc., 44, in which it is said: "At common law, where the answer of the accused squarely met and denied the alleged contempt, such answer was conclusive and no further evidence could be received, and this rule has been followd in many cases. Authority, however, is not wanting in support of the chancery rule, which permits inquiry to be made into the truth of the answer filed by the accused." Sound reasoning is in favor of the chancery rule.

The fifth exception is as follows: "5. Because his Honor erred in permitting relator, over objections of respondents, further time, to wit: until 9.30 A. M. the following day, within which to procure and file additional affidavits, charging contempt against respondents." The Circuit Judge had the right to exercise his discretion, which was not abused.

The sixth exception is as follows: "6. Because his Honor erred in permitting relator time and opportunity to reply to the return and the affidavits submitted therewith." What we have just said disposes of this exception.

The seventh exception is as follows: "7. Because his Honor erred in receiving and hearing additional affidavits containing entirely new matter not in reply to return or affidavits submitted by respondents over the objections of respondents." While the additional affidavits were explanatory and set forth the facts more fully, we do not regard them as setting forth entirely new matter.

The eighth exception is as follows: "8. Because his Honor erred in only allowing respondentts from 9.30 A. M. to 3 P. M., the same day, to reply to various new and additional matter permitted to be brought in as aforesaid by and on behalf of relator, while the scene of the alleged trespass was over twenty miles distant, and a portion of the

new matter was a plat based on an alleged survey made by one of the relator's attorneys, and the affidavits alleged new facts that could not be replied to without an investigation of the premises, thus precluding respondents from making such investigations on which to make a reply." This exception is disposed of by what was said in considering the fifth and seventh exceptions.

There is no ninth exception.

The tenth exception is as follows: "10. Because his Honor erred in, after having found the return sufficient as to the only agents and servants of the corporation who were alleged to have committed trespass in violation of the order of injunction, not to have discharged the rule as to the corporation itself." We do not see how the appellant was prejudiced by the action of the Circuit Judge in discharging the rule as to its servants.

The eleventh exception is as follows: "11. Because his Honor erred in making the rule absolute as to Cape Fear Lumber Company, a non-resident corporation, without evidence other than a suspicion to base such finding upon, as all of its resident agents and servants had been found not to have violated the order of Judge Klugh." This is disposed of by what was said in considering the tenth exception.

The twelfth exception is as follows: "12. Because his Honor erred in finding this respondent guilty of contempt without embracing in his finding any specification as to the time and place where, and person or persons, agent or agents, by whom this artificial person violated the order of Judge Klugh." The cases of *May* v. *Cavender,* 29 S. C., 598, 7 S. E., 484, and *Stepp* v. *Association,* 37 S. C., 418, 16 S. E., 134, show that this exception cannot be sustained.

The thirteenth exception is as follows: "13. Because his Honor erred in granting such order practically at chambers, it being an order growing out of an equity cause and not placed upon any of the dockets or calendars of the Court." The record shows that the return to the rule was ordered to be heard in open Court and was

actually heard in open Court. Furthermore, the record shows that no such objection was interposed when the case was called for hearing.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.