## WILLIAMS v. TOLBERT.

1. PRINCIPAL AND AGENT—DAMAGES—CHATTEL MORTGAGES.—Where the power to make seizure of personal property under a chattel mortgage after condition broken is delegated to another, the manner of taking possession is incidental to the authority and within the scope of the agency, and principal is liable for any misconduct of agent in taking possession, although he acted contrary to the directions of his principal.

2. NEW TRIAL.—A Circuit Judge is not compelled to grant a new trial simply because he would have been in favor of a smaller verdict if he had been on the jury.

Before PRINCE, J., Abbeville, February Term, 1906. Affirmed.

Action by R. W. Williams against R. R. Tolbert and Thos. W. Miller. From judgment for plaintiff, defendants appeal, on the following exceptions:

"I. Because his Honor erred in charging the jury in the following words: 'I charge you this if you find the allegations of Mr. Tolbert's answer are true, that he did warn his co-defendant who he appointed agent to seize the mule if he did tell him not to take the mule unless he could get peaceable possession, and not use any force in acquiring possession that will not relieve Mr. Tolbert,' the errors in said charge being as follows:

"(a) That the said charge assumes that the defendant Tolbert did appoint the defendant Miller as agent to seize the mule when the only evidence on the point shows that Tolbert appointed Miller as agent to go and ask the plaintiff for the mule, and if he refused to deliver possession. then to go to the magistrate and take out claim and delivery papers.

"(b) In that said charge holds the defendant Tolbert responsible in punitive damages for acts of Mr. Miller, not only unauthorized but expressly forbidden by him.

"(c) In that the charge is not responsive to any evidence offered in the case.

"II. Because his Honor erred in charging the jury as follows: 'So in this case if you should find that the defendant Miller consciously and wilfully, recklessly invaded the rights of the plaintiff under the law as I have given it to you, and under the facts as you find them, then both he and his principal are responsible; provided that at that time Miller was acting within the scope of his agency to seize the mule

under that mortgage.' the errors in said charge being that there is no evidence in the case to show that Mr. Miller is an agent of Tolbert to seize the mule and that the evidence showed that in seizing the mule, Miller acted directly contrary to the instructions of Tolbert.

"III. Because his Honor erred in charging the jury as follows: '5. That if possession of the property was denied to the defendant Miller as agent of Tolbert, and if, instead of obtaining that possession peaceably and lawfull, he resorted to a breach of peace and violation of criminal law and went with a high hand and took the property, then he was violating the law of the land and he is responsible, if nothing else is shown for that violation and the principal is equally liable.    I charge you that, provided the agent was acting within the scope of his agency to seize the property,' the errors in said charge being as follows:

"(a) In that the said charge makes the defendant Tolbert liable for the unauthorized and forbidden act of defendant Miller.

"(b) In that the evidence fails to show any expressed or implied authority conferred by Tolbert on Miller to do an unlawful act.

"(c) In that the evidence shows that the defendant Tolbert expressly forbade the defendant Miller to do not any unlawful act to obtain possession of the property.

"(d) In that the said charge makes both defendants liable in punitive damages, no matter how carefully and conscientiously the defendant Miller acted.

"IV. Because his Honor erred in charging the jury as follows: '6. A principal is liable to third parties for whatever the agent does or says; whatever contracts, representations or admissions he makes; whatever negligence he is guilty of, and whatever wrong he commits; and provided a liability would attach to the principal if he was in the place of the agent,' the errors in the said case being as follows:

"(a) That the said charge allows the jury to find without evidence that the defendant Miller was the agent of the defendant Tolbert in doing the acts complained of.

"(b) That the evidence shows that the defendant Miller was forbidden by Tolbert to do the acts complained of.

"(c) That the said charge holds both defendants responsible in punitive damages, no matter how carefully and conscientiously the defendant Miller acted.

"(d) In that the said charge allowed the jury to find a verdict for punitive damages against both defendants without evidence to support it.

"V. Because his Honor erred in charging the jury as follows: '7. That if defendant Miller went to the premises of the plaintiff as the agent of the defendant Tolbert to foreclose the mortgage, and actually went in the pursuance of that agency and acting within its scope. Then if he committed any breach of peace or other violation of the criminal law in obtaining possession of the property which he was sent there to seize, then both he and Tolbert, his principal, would be liable,' the errors in said charge being as follows:

"(a) That it allowed the jury to find without evidence that the defendant Miller had unlimited authority from the defendant Tolbert to seize the property at all events.

"(b) In that the evidence showed that the defendant Miller had no authority from Tolbert to take the property into his possession against the consent of the plaintiff.

"(c) In that the said charge authorized a jury to find a verdict against the defendant Tolbert for punitive damages, even though he specifically instructed the defendant Miller not to violate the law.

"(d) In that the said charge authorized and required the jury to find a verdict against both defendants for punitive damages, no matter how carefully and conscientiously they acted.

"VI. Because there was no evidence in the case to justify a verdict against the defendants for punitive damages.

"VII. Because his Honor erred in refusing the motion of the defendants for a new trial, and in giving as a reason therefor the following: 'It may be conceded that Mr. Tolbert had acted in all good faith, and yet Mr. Tolbert would be responsible for the conduct of Mr. Miller, for in addition to the written authority Mr. Tolbert alleged and proved his instructions that he was not only to collect that debt, but was to enforce the mortgage and take the property' the evidence being that Tolbert instructed Miller to ask the plaintiff for the property, and if he failed to get it, then go to the magistrate and take out claim and delivery papers.

"VIII. Because his Honor erred in not granting a new trial when his own statement shows that he didn't approve the verdict of the jury.

"IX. Because the said verdict was so excessive and so out of proportion to the injury proved, that it was an abuse of discretion in his Honor not to grant a new trial."

*Mr. Ellis G. Graydon,* for appellant, cites: 1 Ency., 995.

*Messrs. Magill & Magill,* contra, cite: 37 S. C., 377; 4 Strob., 363; 3 S. C., 1, 580; 21 S. C., 599; 28 S. C., 261; 29 S. C., 271, 381; 13 S. C., 18; 1 Ency., 997.

March 4, 1907.   The opinion of the Court was delivered by

MR. JUSTICE GARY.   The complaint alleges, that the defendant, Miller, came to his house while acting as the agent of the defendant, Tolbert, and did break and enter his stables, and take therefrom a mule; and that he likewise broke or removed the lock to the door of the stables.

The action is for damages, and is based upon the allegation, that the defendants wrongfully, wilfully and maliciously invaded his rights in the manner aforesaid.   The defendants denied these allegations, and set up the following defense: "That having a past due mortgage upon the mule, mentioned and described in the complaint, this de-

fendant sent his co-defendant, Thomas Miller, to the home of plaintiff, and authorized and instructed him, to take possession of the stock under the defendant's mortgage, but if the plaintiff refused to surrender said stock peaceably, on no account to use any force. That under the terms and conditiion of said mortgage, given by the plaintiff and owned by this defendant, it was expressly provided, that upon default in the payment of the debt secured by said mortgage that the owner of the mortgage should have the right to seize said property, and sell the same for the purpose of paying off the debts secured thereby. That this defendant did not authorize or direct the said Thomas Miller, to exercise any force in taking said property; but, on the contrary, told him that if the plaintiff refused to give up the property, to apply to the magistrate at Verdery, and get from him the necessary legal papers to take said stock, and if the said Miller proceeded in any way contrary to the law, it was against the wishes and will of this defendant, and contrary to his express instructions to said Thomas Miller."

The jury rendered a verdict in favor of the plaintiff for $327.00, and the defendants appealed upon exceptions, which will be reported.

The first question that will be considered is, whether there was any testimony tending to show, that the defendant, Tolbert, was responsible for the unlawful acts of his co-defendant, Miller. Tolbert testified as follows:

"Q. And Williams, you say, didn't carry out his agreement, about delivering the mule and paying the fifteen dollars? A. No, sir. Q. Then you sent Mr. Miller? A. I sent Mr. Miller on Thursday to get the mule. If he would stand up to the transaction of Monday it would be all right, but if he didn't do that, to seize the mule and horse both, under the mortgage, and bring them to my house and I would advertise them and sell them, and I would get my money I had paid Mr. Starke. Q. What instructions did you give Mr. Miller? A. I told him to go to Reuben's

house and get the stock, if he could without any difficulty. I charged him particularly not to have any fuss, but to go there and demand the stuff under the mortgage, show him the mortgage, and if he refused to give it up, to go to Mr. Purdy, the nearest magistrate, and take out the proper papers and proceed according to law. Q. This on the back here (indicating paper) is the authority that you signed? A. Yes, sir. That is the authority that I signed."

The endorsement on the mortgage is as follows: "I hereby appoint Mr. T. W. Miller my agent to collect this claim.
January 5, 1905.                    R. R. TOLBERT, JR."

The allegations of the defense show that Miller was authorized to take possession of the mule; and the testimony of Tolbert is to the effect that he instructed Miller to seize the mule and bring it to his house for the purpose of advertising and selling the same. Furthermore, our construction of the endorsement upon the mortgage is, that it empowered Miller to resort to usual method of collecting the amount due on a chattel mortgage, to wit: by seizure and sale of the property. Tolbert unquestionably conferred upon Miller the power to take possession of the mule, though his instructions were to seize only under certain circumstances.

When, however, the power to make the seizure was delegated to Miller, the manner of taking possession was, *apparently,* incidental to such authority, and within the scope of agency. Therefore, Tolbert was liable for the misconduct of Miller, under the doctrine that the principal is responsible for the acts of the agent within the scope of his apparent authority, although he may act contrary to the directions of the principal. *Rucker* v. *Smoke,* 37 S. C., 377, 16 S. E., 40: *Reynolds* v. *Witte,* 13 S. C., 5: *Hutchison* v. *Real Estate Co.,* 65 S. C., 75, 43 S. E., 295: *Mitchell* v. *Leech,* 69 S. C., 413, 48 S. E., 290; 66 L. R. A., 723.

These views practically dispose of all the exceptions except the following: "Because his Honor erred in not granting a new trial when his own state-

ment shows, that he did not approve the verdict of the jury."

The presiding Judge, in refusing the motion for a new trial, says: "I confess very frankly, that if I had been fixing the amount of the verdict, I should have made it less than that. But the question with me is a serious one, whether I can conscientiously say it is too much. * * * What would be a proper punishment in the case, I think was entirely for the jury, unless their verdict had been so outrageous, as to shock my conscience, while it is a little more than I anticipated the jury would find, if they found for the plaintiff at all. * * * I do not think this is so excessive, as would justify me in cutting it."

A Circuit Judge is not compelled to grant a new trial, simply because he would have been in favor of a verdict for a smaller sum, in case he had been on the jury. All that the law requires of him is the exercise of a sound discretion from which there is no appeal to this Court.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.