### 6527

### SMITH v. SMITH.

1. JURISDICTION—CONTEMPT—CHAMBERS.—Request to hear motion to ascertain if defendant were guilty of contempt under previous order at chambers, gives Court jurisdiction to so hear it.
2. CONTEMPT—REFERENCE.—Where the return to rule in contempt proceedings does not refer to the facts on the main issue, the Court may refer the issue, require the defendant to appear and submit to examination and authorize the master to examine other witnesses on the issue.

Before MEMMINGER, J., Spartanburg, April 11, 1906. Affirmed.

Rule in case of Nancy Smith against Edwin Smith. From Circuit order defendant appeals.

*Mr. Wm. McGowan,* for appellant, cites: 7 S. C., 235.

*Mr. Stanyarne Wilson,* contra, cites: 72 S. C., 322.

May 1, 1907. The opinion of the Court was delivered by

MR. JUSTICE WOODS. By decree of Judge Klugh, of December 7th, 1905, a conveyance of certain tracts of land made by plaintiff to defendant was set aside as fraudulent,

and the defendant was required, under some agreement with plaintiff, not set out in the decree, to turn over one-third of the crop made on the lands in the year 1905. Thereafter, on January 2d, 1906, Judge Memminger, on affidavits showing plaintiff's failure to turn over one-third of the crop, made an order requiring him to show cause why he should not be attached for contempt. The defendant not having his return ready on the return day, Judge Memminger, on the motion of the defendant, postponed the matter and heard it at his chambers in Union. The return was adjudged insufficient; and to make effectual the order of Judge Klugh, the defendant was required to appear before the master and submit to an examination concerning the crop produced. The defendant was examined under this order, but, on February 10th, 1906, an affidavit on behalf of plaintiff having been submitted, to the effect that the crop made was much larger than defendant had stated it to be, Judge Memminger made an order directing the master to take the testimony of other witnesses and report his findings as to the matter in controversy. The master's report, fixing the value of one-third of the crop at two hundred and ten dollars, was confirmed and defendant was required to pay over that amount to the plaintiff within thirty days.

The order of confirmation further provided: "Failure to obey this order will constitute said defendant in contempt of this Court, and he shall be held for such contempt as the Court shall thereafter direct."

By his first ground of appeal, the defendant contends Judge Memminger "erred in making an order of his own motion, directing the defendant to appear before the master of Spartanburg County and there testify against himself."

The request by the defendant for the hearing at chambers gave the Circuit Judge as complete jurisdiction of the matter, as if it had been heard in open Court.

The quantity and value of the crop being peculiarly within the knowledge of the defendant when his return failed to

give any information on the subject, it was not only within the power but clearly the duty of the Circuit Judge to require the defendant to give an account of the crop before undertaking to dispose of the rule, and also to require any further legal investigation deemed by him essential to a just judgment. The principle involved is discussed in *Lorick & Lowrance* v. *Motley,* 69 S. C., 570, 48 S. E., 614, and *Battle* v. *Cape Fear Lumber Company,* 72 S. C., 322, 51 S. E., 873.

In the other exceptions the charge was made that the Circuit Judge erred in making the order for the examination of witnesses other than defendant and directing the master to report the testimony with his findings without notice to the defendant or his attorney. The record does not disclose that the Circuit Judge heard the matter without notice, and we cannot assume that he did.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.