7000

## JONES v. PARKER.

1. APPEAL—WAIVER.—Failure to call attention of presiding Judge at time to error in stating issues is a waiver of the right to raise that question on appeal.

2. PRINCIPAL AND AGENT—ESTOPPEL.—When an agent authorized by a landlord to rent houses and collect rents issues a distress warrant for rent due in his own name as landlord without notice to the tenant or the distrainor that he is acting as the agent of the landlord, he is

afterwards estopped from claiming he acted as agent of the land-lord in issuing the warrant.

3. CHARGE.—DISTRESS WARRANT.—In an action for damages for assault and battery inflicted while attempting to levy a void distress war-rant, and instruction that no constructive lien is obtained by simply notifying tenant of levy without taking possession is immaterial.

4. DISTRESS WARRANT.—One levying a distress warrant must get posses-sion of goods to be distrained peaceably and without breaking open the house.

5. IBID.—Instruction excepted to as to right of tenant to forcibly eject one found in his house wrongfully distraining for rent, when con-strued with its connections, held not erroneous.

6. IBID.—HUSBAND AND WIFE.—INSTRUCTION as to right of wife to use force to prevent one from wrongfully taking husband's goods for rent, under a distress warrant, when construed with its connections, held not error and not on the facts.

7. IBID.—LANDLORD AND TENANT.—The landlord is responsible for the acts of his agent in assaulting the wife of his tenant while distrain-ing goods under a distress warrant whether he is present or not.

8. CHARGE—WAIVER—ATTORNEY.—When an attorney declines to insist on trial Judge reading over his requests to ascertain if they have been charged after proposal from Judge to do so, he waives the right to raise the question that they were not charged.

9. APPEAL.—One defendant, against whom a judgment has been obtained, has no ground for complaint, in that the jury rendered a verdict in favor of his codefendants, who may also have been liable, in an assault and battery.

Before PRINCE, J. Richland, April, 1907.    Affirmed.

Action by Eli Jones and Eliza Jones against E. W. Par-ker, E. A. Lorick and J. A. H. Geiger.  From the judgment against Parker, for plaintiffs, he appeals.

*Messrs. Robert Moorman* and *Frank G. Tompkins,* for appellant, cite: *As to charge on facts:* 47 S. C., 489; 51 S. C., 453.  *Parker is not responsible for the assault:* 4 S. C., 386; 1 Ency., 1135.  *Lorick had authority to call in assist-ance:* 2 McM., 202; 1 Ency., 631.  *As to constructive levy:* 2 Brev., 501; 50 S. C., 112.  *Trespasser has right to protect himself from serious bodily harm while being ejected:* 79

S. C., 144; 2 Ency., 977; 43 S. C., 114. *Parker is only liable for the acts of his agents while acting within the scope of their authority:* 38 S. C., 143; 67 S. C., 391; 72 S. C., 205; 37 S. C., 198; 13 L. R. A., 422. *Parker could plead his own agency:* 2 McM., 202, 196.

*Messrs. Washington Clark* and *James H. Fowles, Jr.,* contra. *Mr. Clark* cites: *Parker had no authority to issue distress warrant in his own name:* Code 1902, 2428; Bish. on Con., 414. *If Parker had authority to issue distress warrant, Lorick had no authority to delegate it:* 29 S. E., 758; 2 Rich., 211. *One must get peaceable possession of goods under distress warrant:* 1 Bay, 358; 9 Ency., 650. *Principal is liable for acts of his agent while acting within scope of agency:* 4 Strob., 363; 58 S. C., 143.

*Mr. Fowles* cites: *Authority to rent houses and collect rents is not authority to distrain:* 22 S. E., 354. *Some agreement is necessary to make a lien by constructive levy:* 27 S. E., 763; 22 S. E. 7. *Possession of property must be gotten peaceably:* 9 Ency., 650; 1 Bay, 358. *As to right to assault tresspasser:* 9 Ency., 658, 659. *Parker is liable because he received the rent and failed to notify Lorick:* 44 Am. R., 456.

September 1, 1908.    The opinion of the Court was delivered by

MR. JUSTICE GARY.    The complaint alleges that on the 9th of January, 1906, the defendant violently assaulted the plaintiff, Eliza Jones, thereby producing a miscarriage, to her damage five thousand dollars.

The defendants interposed a general denial, and the defendant, Parker, also set up as a defense: That at the time mentioned in the complaint, he was engaged in the business of real estate agent in the city of Columbia, and as such, represented Mrs. Mamie McCreery Melton, in renting out, in his own name as agent, about twenty-five cottages, in

what is known as "Spring Park," including the cottage known as "No. 26, Spring Park."

"That prior to the time mentioned in the complaint this defendant had rented the said No. 26, Spring Park, to one Eli Jones, and on or about January 6, 1906, there being then some eight dollars of rent in arrear, and due to this defendant, he issued his distress warrant in due form of law, addressed to E. A. Lorick, a magistrate of Richland county, authorizing and requiring him to call to his aid, such persons as might be necessary, and to enter upon the said premises, and there make distress of the goods and chattels of the said Eli Jones, for the said sum of eight dollars of rent in arrear, and due as aforesaid.

"Upon information and belief that, under said warrant, and about the time stated in the complaint, the said E. A. Lorick, calling to his aid his constable, J. A. H. Geiger, entered upon said premises, and proceeded to make said distress in a legal and proper manner, but that while so doing, the plaintiff, Eliza Jones, interferring with them in the discharge of their said duty, assaulted them," * * *.

The jury rendered a verdict in favor of the plaintiff, for two hundred and fifty dollars, against he defendant, E. W. Parker, who appealed, upon exceptions, the first of which is as follows: 1. "That his Honor erred in charging the jury as follows: 'So far as they (Lorick and Geiger), are concerned, they do not plead any justification for their conduct.'

a. "In that the same is a charge on the facts in violation of the Constitution, as it assumes that the said defendants, sued as agents of appellant, had been guilty of conduct for which there should have been some justification.

b. "In that their general denial of the complaint, did plead justifications for their acts, as it denied that their acts constituted an assault, or that they were done for any purpose, other than to protect themselves from the assault of the plaintiff."

There are a number of recent decisions to the effect, that if the presiding Judge makes a mistake, in stating the issues raised by the pleadings, it is the duty of counsel, to call his attention to such fact, in order that he may have an opportunity of correcting the same; otherwise, there is a waiver of the right to raise this question on appeal.

The second exception is as follows: "That his Honor erred in charging the jury as follows: 'And if he (Parker) undertook to issue a warrant (a distress warrant) in his own name, and to Mr. Lorick, then Mr. Lorick is his agent, and he is responsible for Mr. Lorick's conduct, for everything he does, within the scope of that agency, and if Mr. Lorick acts in a high-handed, unlawful way, in undertaking to carry out the authority conferred upon him by Mr. Parker, Mr. Parker would be responsible for Lorick's conduct, so long as Lorick was acting within the general scope of his agency.'

a. "In that it was shown by the evidence that Parker was the agent for Mrs. Melton, and his Honor should have charged that Parker was not liable, if the jury found that he was the agent of Mrs. Melton, even though the distress warrant was issued in his own name.

b. "In that it charges, as an instruction to the jury, that Lorick was not responsible jointly with Parker, even though the unlawful act was actually performed by Lorick."

The facts in the case of *Givens* v. *Steadman,* 2 McM., 202, were similar to those in the case under consideration; and, in that case the Court uses the following language:

"The defendant, Givens, avows the taking, thus importing a justification in his own right, and shows the rent due to Mrs. Wigfall; and Nathans acknowledges, as bailiff of Givens, whom the avowry shows not to have been the landlord. Any agent to make a distress, is termed a bailiff. 'If a man takes cattle for services due to the lord, if the lord afterwards agree to the taking, he shall be adjudged his bailiff, though he was not his bailiff in any place before.' 1 Bac. Ab. Tit. Bailiff, 6. Subsequent assent amounts to

authority, 1 Saun., 347, n. 4. If Givens had any actual share in making the distress, and they had authority from Mrs. Wigfall, or she was willing to adopt their act, both should have justified as bailiffs. Or, perhaps, if Givens was not actually present at the taking of the distress, but had authority from Mrs. Wigfall to employ Nathans as bailiff, he might have pleaded *non cepit*. In that case, the authority of Nathans would have been direct from Mrs. Wigfall, and he should have justified her as her bailiff; while Givens, being merely regarded as the medium through which the authority was conveyed could not have been considered as a party to the taking."

The distress warrant, upon its fact, purported to be the act of E. W. Parker as landlord, and there was no testimony that either of the plaintiffs had notice, that it was the distress warrant of Mrs. Melton, acting through her agent, E. W. Parker; nor does it appear that the defendant, E. A. Lorick, had notice of such fact.

Under these circumstances the defendant, Parker, is estopped from claiming that he was a mere agent, *in so far as the rights of the plaintiffs are involved. Long* v. *McKissick,* 50 S. C., 218, 27 S. E., 636. Furthermore, the question whether he was the agent of Mrs. Melton in issuing the warrant was submitted to the jury by his Honor, the presiding Judge.

The third exception is as follows: "That his Honor erred in charging the jury as follows: 'If you find that he (Parker), issued his warrant to Lorick, and authorized him to take with him, to call to his assistance, such persons as might be needed to enforce the distress, that was not authority to appoint somebody to go without Lorick's presence; that was not authority to substitute somebody else for him.' In that he should have charged that Lorick had the right to appoint others, and they might go and perform the service without his presence."

The complaint is not for damages to the property of the plaintiffs, but for an assault and battery upon Eliza Jones,

during which time Lorick was present throughout the diffi-
culty. He, therefore, did not "appoint somebody to go
without his presence," nor did he "substitute somebody else
for himself," on that occasion.

The fourth exception is as follows: "That his Honor erred
in charging the jury as follows: 'In other words, if you were
to come to my house and levy on my goods, either under dis-
tress warrant as special agent of the landlord, or if
you come as sheriff of the county to levy an execu-
tion, you come into my house and say :"I levy on these
things, Prince; these are levied on now; I give you notice
they are levied on; I am going to leave them until I get ready
to come back and get them," and go off—that is no levy.'
In that under the circumstances stated the goods would be
constructively levied upon and liable for the lien."

As the action is not for damages arising out of the levy,
but for assault and battery, the question whether the goods
were "constructively levied upon, and were liable for the
lien," is immaterial.

The fifth and sixth exceptions are as follows: (5) "That
his Honor erred in charging the jury as follows: 'I charge
you that one having a distress warrant properly
issued, for past due debt for rent, must get peaceable
possession of the property.' In that the law does not
require that the possession of the property shall be peaceably
taken."

(6) "That his Honor erred in charging the jury as fol-
lows: 'He can not break the house in order to make the
entry,' meaning for the purpose of levying a distress."

The appellant's attorneys have not cited any authorities to
sustain these propositions, and we deem it unnecessary to
cite authorities to show that they are untenable.

The seventh exception is as follows: "That his Honor
erred in charging the jury as follows: 'If you are wrong-
fully in my house and I come upon you, and then if I use

excessive force, you must run; you must get away.'
In that he should have charged the jury that a party
placed in such a predicament, would have a right to
use such force as was necessary to prevent the use of exces-
sive force; he may and would have a right to protect himself
from a deadly assault, as long as he used only such force as
is necessary to restrain the attacking party and did not at-
tempt to do any injury."

The entire sentence in which the charge appears is as fol-
lows: "You have not the right, because you have a distress
warrant against me and against my goods, to come to my
house and break locks in order to make distress, and if you
do so you are doing wrong, and if I get home while you are
there I can order you out, and I can use all the force neces-
sary to put you out, and you can not act in self-defense—you
have got to run; if you do me any harm, you can not plead
self-defense, for you are in the wrong, if you are wrongfully
in my house and I come upon you, and even though I may
use excsssive force, you must run; you must get away; if
you slay me you can not plead self-defense; the most you can
do would be to get off for manslaughter, because he who
pleads self-defense must be without fault in bringing about
the difficulty."

When the whole sentence is considered, it will be seen that
there was no error.

The eighth exception is as follows: "That his Honor erred
in charging the jury as follows: 'A wife has the right to
defend her husband or his goods in his home.  She has a
right to defend them against anybody who is under-
taking to take possession of them; and if that is what
she was doing, these parties had no right to assault
her, if they were in the wrong in getting unlawful possession
of these goods.'

a. "In that the same violated the Constitution by charging
on the facts, by assuming that the agent of the defendant
assaulted the plaintiff, and by assuming that the agent of the
defendant had gotten unlawful possession of the goods.

b. "In that it states that the wife, under these circumstances, has the right to defend the goods against anybody who is undertaking to take possession of them, when he should have limited the statement by saying, 'anybody not authorized by law.' "

Immediately preceding the charge set out in the exception, the presiding Judge used these words: "Now, if you find that she is entitled to recover, if they were wrongfully there, or if they assaulted her without being attacked, the mere fact that she came into her own house with an axe in her hand would not justify anybody to assault her, unless she came in such a manner as to indicate an intention to use the axe on the party. In that event, if they were there and rightfully in possession of the goods under a distress warrant, why, they would have the right to defend themselves. If these parties undertook to take wrongful possession of her husband's goods, she had the right to defend her husband's goods."

As thus explained the charge was free from error.

The ninth exception is as follows: "That his Honor erred in charging the jury as follows: 'Of course, if they went down there not acting under this warrant, and all that he did was to raise a disturbance, you could find against them (meaning Lorick and Geiger) and not against Parker; but if they acted as agents, within the scope of their agency, he would be responsible for whatever they were responsible for.' In that the said charge puts everything that the agents did or might have done in the scope of their authority as such, if they went to the house for the purpose of distraining under the warrant, when the law is that the principal would only be liable for acts done directly in the prosecution of the principal's business."

The charge is not quoted correctly. The presiding Judge said: "Of course, if they went down there not acting under this warrant at all, that he had issued, and raised a disturbance, you could find against them and not against Parker, but if they acted as agents within the scope of their agency,

he would be responsible for whatever they would be responsible for."

The ruling of the Circuit Judge is sustained by the case of *Williams* v. *Tolbert*, 76 S. C., 211, 56 S. E., 908, in which it was held that where the power to make seizure of personal property under a chattel mortgage, after condition broken, is delegated to another, the manner of taking possession is incidental to the authority, and within the scope of the agency, and the principal is liable for any misconduct of the agent in taking possession, although he acted contrary to the instructions of his principal.

The tenth exception is as follows: "That his Honor erred in charging the jury as follows: 'Now, the question I submitted to you is at the time of the levy that that warrant, if levied * * * if at that time the rent was paid, then, that was an unlawful distress, because if the rent was paid to Parker, it was Parker's duty to stop that levy, distress warrant; if he did not do it, he is responsible for any actual damage; if his failure to do it was merely inadvertence, he is only liable for actual damages, provided the agent was not guilty of any conscious wrong-doing, any conscious invasion, and did not act in any high-handed manner in making the distress, he would be only liable then for actual damages.' When he should have charged that, under these circumstances, the plaintiff would not be entitled to recover any sum whatever, as the suit was not for damages by reason of the unlawful distress, but for unlawful assault made upon the plaintiff."

The charge in the request must be construed in connection with the following words also used in the charge: "We are not here to try anything except the grievances alleged in this complaint. Eli Jones is only made party plaintiff because he is the husband of his coplaintiff, Eliza Jones; and this complaint is not brought to recover any damages for the wrongful entry of Eli Jones' home. This action is brought because of the alleged unlawful and wrongful assault upon

Eliza Jones, wife of Eli Jones; it is for the assault and battery upon her person that this action is brought."

When the two portions of the charge are considered together, it will be seen that the exception can not be sustained.

The eleventh, twelfth and thirteenth exceptions are as follows:

(11) "That his Honor erred in refusing to charge the defendant, Parker's eighteenth request, which was as follows: 'If the jury believes from the testimony that the plaintiffs are entitled to a verdict, and the testimony satisfies them that the defendant, Parker, acted for the landlord, within the scope of his authority, then the jury cannot render any verdict against the defendant, Parker.' In that under the circumstances stated the defendant, Parker, would not be liable."

(12) "That his Honor erred in refusing to charge defendants' twentieth request, which was as follows: 'The defendants had a right to assume that Eliza Jones' condition of health was normal.'

(13) "That his Honor erred in refusing to charge defendants' fifteenth request, which was as follows: 'A distress made in the name of the landlord, even if not made with the precedent authority, is valid by subsequent adoption of landlord.' "

The following appears in the record: "Mr. Clark: You have covered all my requests. I withdraw my requests. The Court (to Mr. Moorman): Do you know whether I have covered yours? Mr. Moorman: You have not charged one or two of my requests. The Court: It may be I did not mean to charge them, or maybe they escaped my attention. I will read these requests. Mr. Moorman: I shall not insist upon you reading them."

This shows that the appellant's attorneys waived the right to raise the question that said requests were not charged.

The fourteenth exception is as follows: "That his Honor erred in charging the jury "that if they (the defendants) consciously committed an assault on that woman, they are

responsible for the damages,' such charge being in response to a request to charge that the defendants had a right to assume that the plaintiff was in a normal state of health."

This exception does not assign error in the charge, but its object, seemingly, is to raise the question that the twentieth request should have been charged. It is, therefore, disposed of by what has already been said.

The fifteenth exception is as follows: "That the verdict of the jury was improper. In that it held Parker responsible for the tortious acts of the agents employed by him, and did not hold them liable for their own acts."

No issue is raised by the pleadings as to the rights of the defendants between themselves. Therefore, if the appellant was liable, we fail to see in what respect his rights were prejudiced by reason of the fact that the verdict was in favor of other defendants, who may also have been liable. *Battle v. Lumber Co.* 72 S. C., 322, 51 S. E., 873.

The sixteenth exception is as follows: "That the verdict of the jury was contrary to the charge of his Honor and the law, by finding Parker liable and the agents who actually committed the tort not liable. In that his Honor charged in the following words: 'I will tell you more that that—if the agent is not responsible, then Parker is not responsible.' When all the evidence goes to show that Parker was not present and had no hand whatever in, nor knowledge of the damage alleged to have been done until long thereafter."

The case of *Williams* v. *Tolbert,* 76 S. C., 211, 56 S. E., 908, shows that this assignment of error cannot be sustained.

The judgment of the Circuit Court is affirmed.