10573

DERRICK v. SOVEREIGN CAMP W. O. W.

(106 S. E. 222) ·

INSURANCE.—SOVEREIGN CAMP HELD LIABLE IN TORT FOR INJURIES TO
NEW MEMBERS DURING INITIATION.—Subordinate lodges of the
Woodmen of the World are agents of the Sovereign Camp in the
initiating and making members of the order, and the acts of a
subordinate camp are binding upon the Sovereign Camp, even though
such acts are not authorized by the Sovereign Camp, and the
Sovereign Camp may be liable in damages in tort for injuries sus-
tained, both compensatory and punitive.

Before SHIPP, J., Saluda, December term, 1919
Affirmed.

Action by James P. Derrick against Sovereign Camp W.
O. W. for damages for injuries sustained at an initiation
ceremony. From judgment for plaintiff the defendant ap-
peals.

*Messrs. Melton & Belser and E. W. Able* for appellant.
*Melton & Belser* cite: *Subordinate body cannot waive pro-
vision of laws and Constitution of the Association*: 1 Civ.
Code 1912, Sec. 2755; *Sovereign Camp not liable for any
ceremony of subordinate lodge after the ritualistic require-
ments have been met*: 109 *S. W.* 805 (Mo.;) 109 N. W. 33
(Mich;) 62 C. C. A. 361, 127, Fed. 635. *Injury in Mitchell
case was during the initiation itself*: 69 S. C. 413.
*Messrs. B. W. Crouch, C. J. Ramage and J. D. Griffith,*
for respondent, cite: *Agency of subordinate lodge*: 31 Cyc.
1189; 69 S. C. 420; 177 U. S. 260; 54 L. R. A. 602: *Prin-
cipal liable for all acts of agent within the scope of his au-
thority*: 65 S. C. 75; *Story Agency;* Sec. 452; 13 S. C. 5.
*Sovereign Camp liable if ceremony was held with its con-
sent*: 70 Vt. 377. *Clerk of local Camp is agent of Sovereign
Camp*: 1 Civ. Code 1912, Sec. 2770; 102 S. C. 386; 65

S. C. 118; 44 U. S. (L. Ed.) 762; 77 Miss. 830; 50 L. R. A. 111; 38 S. E. 905 (N. C.;) 54 L. R. A. 602; 65 S. C. 420. *Principal bound for acts within apparent authority of agent*: 88 Am. St. Rep. 782, 787; 37 S. C. 377; 1 A. & E. Enc. Law. 410; 4 Strob. 363; 3 S. C. 1; 3 S. C. 580; 21 S. C. 599; 28 S. C. 261; 29 S. C. 271; 29 S. C. 381.

February 28, 1921.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an action for damages in tort for injury sustained by plaintiff in course of initiation by Delmar Camp of the Sovereign Camp of the Woodmen of the World. The cause was tried before Judge Shipp and a jury, at the fall term of Court, 1919, for Saluda county, and resulted in a verdict in favor of the plaintiff for the sum of $1,000 actual damages and $500 punitive damages. After entry of judgment defendant appeals, and by exceptions raises the point "whether the Sovereign Camp of the Woodmen of the World is to be held responsible for injuries inflicted by members of a subordinate camp, during the performance of a ceremony, in no way authorized or prescribed by the Sovereign Camp."

Appellant insists the Sovereign Camp is not responsible: First, because the evidence shows that the Sovereign Camp did not authorize the "warm reception," during the performance of which the injury occurred; second, because as a matter of law the Sovereign Camp cannot be held responsible for the acts of members of a subordinate camp, done in the course of a ceremony, which the Sovereign Camp has not authorized.

It has been decided in *Mitchell v. Leach,* 69 S. C. 420, 48 S. E. 290, 66 L. R. A. 723, 104 Am. St. Rep. 811, that sub-

ordinate lodges of the Woodmen of the World are agents of the Sovereign Camp, in initiating and making members of the order, and the acts of the local camps are binding upon the parent camp, if performed within the scope of the agency, even though such acts are not authorized by the Sovereign Camp. In 31 Cyc. 1582 we find the following:

"The liability of the principal for torts committed by his agent is not limited to torts which he expressly authorized or directed. He is liable for all torts which his agent commits in the actual or apparent course of his employment, and if the agent commits a tort in the apparent course of his employment, the principal is liable therefor, even though he was ignorant thereof, and the agent in committing it exceeded his actual authority or disobeyed the express instructions of his principal.'

To the same end inferentially see what Mr. Justice Gary (now Chief Justice) says in *Williams v. Tolbert,* 76 S. C. 217, 56 S. E. 908, and cases therein cited.

The exceptions are overruled and judgment affirmed.

Mr. Justice Cothran (concurring.) I concur in the result, and file this opinion simply from an apprehension that the principles announced in the main opinion may be invoked in cases not parallel with the exceptional circumstances of this case.

Mr. Justice Watts declares that the injury complained of was sustained by the plaintiff "in the course of initiation by Delmar Camp." The record, however, shows that the initiation proper, according to the ritual prescribed by the Sovereign Camp, had been fully completed at the July meeting, a month before the August meeting, at which the side degree was conferred.

If the statement referred to was entirely accurate, the case of *Mitchell v. Leech,* 69 S. C. 420, 48 S. E. 290, 66 L. R. A. 723, 104 Am. St. Rep. 811, would be absolutely controlling, and no further remark would be necessary. The fact that the injury sustained was received after the initiation had been completed and at a subsequent meeting, during the conferring of a side degree, not a part of or connected with the prescribed ceremony of initiation, differentiates the case at bar from the Mitchell case, and in my opinion calls for special notice.

I do not think that there can be disagreement as to this proposition: Where the initiation ceremonies are fully completed and the initiate understands that the fantastic "stunts" in which he is to become the principal actor are not a part of the initiation ceremonies, that he is at liberty to participate in them or not as he pleases, but he is willing to assume for the time being the role of "the goat" in order to qualify himself to enjoy the discomfiture of the next victim, neither the local camp nor the Sovereign Camp would be responsible for injuries received thereby, but that his remedy would be against those alone who may have instituted that species of amusement. But there are exceptional circumstances in this case which in my opinion fix liability upon the Sovereign Camp and induce my concurrence in the judgment. It would be an interesting inquiry ordinarily, and quite material to the issue, whether the side degree was conferred by Delmar Camp as a lodge, or by the individual members for their own amusement without the authority of the local camp. We are relieved of this inquiry, however, by the agreement of the appellant's attorneys. They say:

"It must be noted that the institution of this ceremony was a distinct and regular performance of the local camp; it originated in this camp; it was held in a regular way; * *

\* there were regularly appointed members of the camp who carried through this ceremony; \* \* \* distinctly the exercise of a power."

Both exceptions refer to the side degree as the "action of the subordinate lodge." So that quesion. is no longer open to inquiry. Whatever was done was the act of the local camp, and not of individual members. ·

In the disposition of this appeal the Court must assume to be true the following statement of the plaintiff: At the July meeting, when he received what now appears to have been a full initiation, he was told by the officers of the camp who conducted the initiation "to come back; that there was another one coming." "They said they wanted me back next meeting night; that they had some more degrees." He did return to the August meeting. The lodge was duly opened by the Consul Commander. After the lodge was opened he was carried out to the anteroom and prepared for the side degree. He was then taken into the lodge room, and the degree conferred, during which he received the injury of which he complained.

The plaintiff of course did not know of what the initiation consisted, or that it was fully completed at the July meeting; naturally, from the directions. to return for the August meeting to receive other degrees, he supposed that it was not. It does not appear that he knew that he was called upon to go through a performance for the amusement of the lodge, or that he had any other conception than that it was a deferred part of the initiation ceremony. It was conferred, according to plaintiff's statement, just after the lodge was opened and while it was in session.

Now as to the law applicable to these facts: The case of *Mitchell v. Leech,* 69 S. C. 413, 48 S. E. 290, 66 L. R. A.

723, cited in the opinion, settles the principle that a subordinate lodge is the agent of the parent organization, which is responsible in damages for the tortious act of its agent done within the scope of its agency, and that maltreatment of a candidate during the ceremony of initiation is within such scope, although the particular "stunt" he was required to perform or the instrumentality employed was not prescribed by the parent organization. "The subordinate lodges were the agents of the Sovereign Camp; the acts of the local camps were binding upon the parent camp if performed within the scope of the agency, even though not authorized by the Sovereign Camp," 69 S. C. 421, 48 S. E. 292, 66 L. R. A. 723. To the same effect see *Hutchinson v. Real Estate Co,* 65 S. C. 75, 43 S. E. 295; and in *Reynolds v. Witte,* 13 S. C. 5, 36 Am. Rep. 678, it is thus expressed at page 16 of 13 S. C. (36 Am. Rep. 678.)

"The proper inquiry is, whether the act was done in the course of the agency and by virtue of the authority as agent."

The expressions "scope of the agency," "course of the agency," "course of the employment," are practically synonymous, and they include all acts within the apparent scope of the authority conferred on the agents by the principal, as well as those expressly authorized or necessarily implied from express authority; all acts within the scope of the authority which the principal held the agents out to the world to possess. 21 R. C. L. §§ 34, 81. Considering that the Sovereign Camp alone had the power to prescribe the initiation ceremonies, that the local camp had no authority to depart from the ceremonial ritual, it follows that the local camp had no actual or implied authority to put on the side degree entertainment. But that is not conclusive of the question. The further inquiry must be answered: Was it within the apparent scope of its authority?

It was to the interest of the Sovereign Camp that new members be received; their introduction is the life blood of all such organizations. The election and initiation of them is confided by the Sovereign Camp to the local camp. In such initiation the local camp was "about the business" of its master. They proceeded to attend to that business; the plaintiff put his person at their disposition; suffered himself to be hoodwinked; was put through a series of ceremonials of which he was, of course, uninformed. How could he know that they had finished with him without being so told? What other inference could he draw than that they had not, when told to return in August for more degrees? That it was within the apparent scope of their authority is shown by his implicit obedience to that authority.

If as a matter of fact the side degree was not a part of the initiation, the plaintiff unquestionably was justified in thinking that it was. This presents a case of apparent authority, which is equivalent to actual authority, and so comes within the principle of the Mitchell case.

The purpose of this opinion is to limit my concurrence to the facts of this particular case.